IN THE MATTER OF THE PETITION OF ROBERT SCHELL TO VACATE AN ASSESSMENT.

*Assessments in New York — when valuations of lots established.*

The petitioner's lots in the city of New York were valued for the purposes of taxation at $900 each in 1873 and at $1,000 each in 1874. The tax valuations are made in each year, between the first Monday in September and the second Monday of the following January, and are open to alteration and correction until May first, when they become absolute. An assessment against the lots was filed March 5, 1874, and confirmed September 29, 1874.

*Held*, that the valuation for the year 1874 having become established when the assessment was confirmed, each lot was liable to an assessment of $500.

APPEAL from an order reducing an assessment on the petitioner's lots for regulating and grading One Hundred and Thirty-fifth street from Eighth avenue to the Harlem river, in the city of New York, from $752.25 to $450 on each.

*J. A. Beal*, for the Mayor, etc., of New York, appellant.

*S. Jones*, for the petitioner, respondent.

BRADY, J.:

The petitioner sought to vacate assessments upon certain lots, relying chiefly upon the ground that the assessment upon each lot exceeded half its value. It appears that the assessment was completed by the board of assessors, and filed in their office on the 5th day of March, 1874, and that it was transmitted by them

to the board of revision and correction of assessments on the same day, but that it was not confirmed by the last-named board until the 29th day of September, 1874.

The lots were valued by the tax commissioners, for the year 1873, at $900 each. The books containing the annual record of the assessed valuations of real and personal estate for that year having been closed on the 1st of May, 1873, pursuant to section 8 of chapter 302 of the Laws of 1859. They were valued by the commissioners for the year 1874 at $1,000, each and such valuation became absolute on the first of May in that year. It appears, therefore, that when the assessment of which the petitioner complains were confirmed, the valuation of the lots affected was $1,000 each. The valuations are made by the deputy tax commissioners, pursuant to chapter 302 of the Laws of 1859, sections 7, 8, and between the first Monday of September and the second Monday of January, but from the latter date, and until the first of May following, they are subject to alteration and correction; if not altered, they become absolute on the first of May. The assessment of the lots was made, therefore, after the valuations for the year 1874 had been declared and adopted, subject only to any correction which might be made of them prior to the first of May. No alterations were made, however, and therefore when the assessments were confirmed, namely, on the 29th of September, 1874, the valuation of the lots at $1,000 each was an absolute determination of that question. Until the confirmation by the board of revision and correction, the assessment list might be sent back to the assessors for correction, and therefore the filing on the 5th of March, 1874, was not conclusive, but was an incident only in the progress of the proceedings. When, therefore, the assessment was confirmed, the valuation of the lots was established at $1,000 each, and as the sum assessed was more than one-half of such value, it was a valid assessment to the extent of such half, and should be sustained. The proposition which is meant to be declared as controlling, is this, that the assessment of the petitioner's lot, not having been confirmed until after the valuation for the year 1874 had been established, was incomplete when the latter event occurred, and that such valuation having intervened and become absolute should

be resorted to to sustain the assessment to the extent of one-half of such value. There is no adjudication in conflict with this view, and the order of the Special Term must, therefore, be modified by reducing the assessment to $500 instead of $450.

Ordered accordingly. .

Davis, P. J., and Ingalls, J., concurred.

Order modified by reducing the assessment to $500 instead of $450 without costs to either party.